Murtagh, Thomas R., J.
Somerville Retirement Board (“Board”) filed this action pursuant to G.L.c. 249, §4 seeking judicial review of a decision of the Lowell District Court (“District Court”). That decision reversed the Board’s prior finding that John Buonomo (“Buonomo”) must forfeit his retirement benefits under G.L.c. 32, §15(3) and (4). This case is now before this Court on the Board’s Motion for Judgment on the Pleadings and Buonomo’s Cross Motion for Judgment on the Pleadings. After reviewing the parties’ submissions and the relevant law, the Somerville Retirement Board’s Motion for Judgment on the Pleadings is DENIED and John Buonomo’s Cross Motion for Judgment on the Pleadings is ALLOWED.
BACKGROUND
On January 3, 2000, Buonomo retired from his position as a member of the Somerville Board of Alderman and began receiving his retirement benefits. In November of2000, Buonomo was elected Middlesex Register of Probate (“Register of Probate”).[2] Upon his election to this position, Buonomo chose to remain a member of the Somerville Retirement System and, therefore, continued to receive his pension from the Board while he served as the Register of Probate.
On August 6, 2008, Buonomo was arrested and charged with thirty-four offenses related to his conduct as the Register of Probate.[3] As Register of Probate, Buonomo was provided with keys to the photocopy and money-exchange machines. On diverse dates, Buonomo used the Registry of Probate keys to access and steal money from the Registry of Deeds’ photocopy and money-exchange machines.[4] On September 15, 2009, Buonomo pled guilty to all thirty-four indictments and was subsequently sentenced to two-and-one-half years in prison and ordered to pay a $100,000.00 fine.
On November 24, 2009, the Board informed Buonomo that it intended to revoke his retirement benefits pursuant to G.L.c. 32, §15(3) and (4). Buonomo requested a hearing before the Board, which was held on January 7, 2010. By letter dated January 21,2010, the Board informed Buonomo that it revoked his retirement benefits pursuant to G.L.c. 32, §15(3) and (4). Complaint, Ex. A.
Buonomo appealed the Board’s decision to the District Court. In a memorandum and order dated May 28, 2010, the District Court (McGuinness, J.) reversed the Board’s decision and reinstated Buonomo’s retirement benefits. The District Court found Section 15(4) inapplicable, because “(t]he crimes for which [Buonomo] was convicted, which underpin the Board’s forfeiture action, did not arise out of or otherwise involve any of the work he had done in qualifying for the Somerville pension.” Complaint, Ex. B at 2. With *11 respect to Section 15(3), the District Court held that “[t]he sum certain anticipated by that section eluded the Board’s grasp and escaped its determination.” Complaint, Ex. B at 2. The District Court further held that the record failed to establish that Buonomo stole items that “were funds of a city, town, or county or, for that matter, the Commonwealth” because the “Commonwealth’s expectation of payment from RICOH, a percentage of gross revenues, defied specific dollar valuation and, in terms of possession and control, any consideration as ‘funds’ for the purpose of the statute.” Complaint, Ex. B, at 2.
On July 14,2010 the Board filed this action appealing the District Court’s decision.
DISCUSSION
The scope of judicial review in the nature of certiorari, G.L.c. 249, §4, is limited. State Bd. of Ret. v. Bulger, 446 Mass. 169, 173 (2006). “Certiorari allows a court to ‘correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff... In its review, the court may rectify only those errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public.’ ” Id., quoting Massachusetts Bay Transp. Auth. v. Auditor of the Commonwealth, 430 Mass. 783, 790 (2000).
The Board contends the District Court erred in holding that G.L.c. 32, §15(3) and (4) did not prohibit Buonomo from receiving his retirement benefits. This Court disagrees.
I. G.L.c. 32, §15(3) Forfeiture of Rights Upon Conviction
General Laws c. 32, § 15(3) provides in relevant part: In no event shall any member after final conviction of an offense involving the funds or property of a governmental unit or system referred to in subdivision (1) of this section,[5] be entitled to receive a retirement allowance or a return of his accumulated total deductions under the provisions of sections one to twenty-eight. . . unless and until full restitution for any such misappropriation has been made, (footnote added)
Because section 15(3) allows a member to receive his or her retirement benefits upon reimbursing the governmental unit from which the funds or property were taken, it is clear the statute’s purpose is remedial. See Doherty v. Retirement Bd. of Medford, 425 Mass. 130, 136-37 (1997) (G.L.c. 32, §15(1) is not punitive because it only seeks restitution). Because the purpose of section 15(3) is restitutionaiy it is apparent that this section only applies when the funds or property taken belonged to the governmental entity responsible for the retirement benefits.
Because Buonomo’s retirement benefits were earned and paid by governmental units other than the governmental unit — Registry of Deeds — from which Buonomo stole money, the Board lacked authority to revoke Buonomo’s retirement allowance pursuant to G.L.c. 32, §15(3). The District Court, therefore, did not commit a substantial error of law when it held that G.L.c. 32, §15(3) was inapplicable.
II. G.L.c. 32, §15(4) Forfeiture of Pension Upon Misconduct
General Laws c. 32, §15(4) provides in pertinent part:
In no event shall any member after final conviction of a criminal offense involving violation of the laws applicable to his office or position, be entitled to receive a retirement allowance... The said member or his beneficiary shall receive, unless otherwise prohibited by law, a return of his accumulated total deductions; provided, however, that the rate of regular interest for the purposes of calculating accumulated total deductions shall be zero.
Section 15(4) is considered a penal statute for purposes of statutory construction and, therefore, its language should not be stretched to accomplish an unexpressed result. See Gaffney v. Contributory Ret. Appeal Bd., 423 Mass. 1, 3 n.3 (1996); see also Bulger, 446 Mass. at 174-75. In enacting G.L.c. 32, §15(4) the Legislature intended “to avoid having the precise form of the criminal enforcement action make a difference with respect to [pension forfeiture].” Gaffney, 423 Mass. at 4. Rather, “[t]he substantive touchstone intended by the [Legislature in enacting §15(4)] is criminal activity connected with the [member’s] office or position.” Id. There is no requirement that the crime itself involve some violation of a law applicable to the employee’s specific public office or employment; however, there must be a “direct link between the criminal offense and the member’s office or position!.]” Bulger, 446 Mass. at 175, quoting Gaffney, 423 Mass. at 5.
It is undisputable that Buonomo’s convictions are directly related to his position as Register of Probate; his convictions are not related to his position as a member of the Somerville Board of Alderman or any of the other positions from which he receives his retirement benefits. The conduct giving rise to Buonomo’s convictions did not occur while he was a member of the Board of Alderman and did not involve any duties he had because of his position as an Alderman. Although section 15(4) broadened the range of crimes leading to forfeiture of retirement benefits, it still requires a direct link between the offense and the member’s office or position. Because the Board is unable to establish a direct link between Buonomo’s convictions and his position as a member of the Somerville Board of Alderman, the Board is unable to initiate forfeiture proceedings pursuant to G.L.c. 32, §15(4). See Bulger, 446 Mass. at 175. The District Court, therefore, did not commit a substantial error by holding that G.L.c. 32, §15(4) did not require Buonomo forfeit his retirement benefits.
*12 This Court does not condone Buonomo’s conduct, and in fact finds his abuse of the public’s trust totally unacceptable, however, this Court cannot compel a result the statute’s language does not authorize.
ORDER
For the above-mentioned reasons, it is ORDERED that the Somerville Retirement Board’s Motion for Judgment on the Pleadings is DENIED and John Buonomo’s Cross Motion for Judgment on the Pleadings is ALLOWED. Final judgment shall enter AFFIRMING the Lowell District Court’s decision.

 On December 8, 2000, Buonomo commenced his term as Register of Probate.

 Buonomo was charged with nineteen counts of breaking into a depository in violation of G.L.c. 266, §16, eight counts of embezzlement of public funds in violation of G.L.c. 266, §51, and seven counts of larceny under $250 in violation of G.L.c. 266, §30.

 According to the Registry of Deeds’ contract with RICHO Business Solutions (“RICHO”) for Coin/Card Operated Vending and Administrative Copiers, RICHO was responsible for collecting and counting the funds deposited into the copiers. RICHO provided the Registry of Deeds with 45% of the total revenue generated by the copiers every month.

 General Laws c. 32, §15(1) in relevant part refers to:
Any member who has been charged with the misappropriation of funds or property of any governmental unit in which or by which he is employed or was employed at the time of his retirement or termination of service . . .